UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:  Chapter 11

MARION AVENUE MANAGEMENT LLC,   Case No. 16-10213 (JLG)

Debtor.

---------------------------------------------------------x

## DEBTOR'S PLAN OF REORGANIZATION

Marion Avenue Management LLC (the "Debtor") hereby proposes this Chapter 11 Plan of Reorganization (the "Plan") pursuant to §1121(a) and other provisions of Title 11 of the United States Code ("Code") and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## ARTICLE I

## OVERVIEW OF THE PLAN

1.1   The Plan addresses the relatively unique procedural posture of the Debtor's case. As noted in previous filings, the Debtor sought Chapter 11 protection because it faced an impending personal injury trial on damages, although the scope of its available insurance, if any, was still being litigated in the context of a Declaratory Judgment Action against a recalcitrant insurer, Public Service Mutual Insurance Company.

1.2   By filing the Chapter 11 petition, the Debtor was able to stay the personal injury action. The hope was that the Debtor would obtain a resolution of the Declaratory Judgment and Action first, and then proceed to trial on the personal injury claim so the Debtor would know for sure whether or not there was insurance in place.  The Debtor is seeking to implement this strategy through the Plan even though the Declaratory Judgment Action was remanded from the Bankruptcy Court to the Supreme Court, Bronx County on May 3, 2016.  Proceedings in the Declaratory Judgment Action will continue in Bronx County post-confirmation.

1.3     In the meantime, the automatic stay remains in place with respect to the personal injury litigation.  The Plan maintains the status quo and provides for the continuation of the automatic stay on a port-confirmation basis until such time as the Declaratory Judgment Action is finally decided in the state court.  Following this determination, the Personal Injury Action will then be restored to the state court to fix damages. These damages shall be paid by either available insurance (assuming the Debtor is successful in the Declaratory Judgment Action) or through a refinancing of the Debtor's property or a combination of both.

## ARTICLE II

## DEFINITIONS

For the purpose of this Plan, the following terms shall have the meanings set forth below:

2.1     "**Administration Expense**" means all costs and expenses of administration allowed under §§503(b) and 507(a)(1) of the Bankruptcy Code, including, without limitation, the actual and necessary expenses of preserving the Debtor's business, and the professional fees and expenses as awarded by the Bankruptcy Court pursuant to §§330 and 331 of the Bankruptcy Code.

2.2     "**Bankruptcy Court**" means the United States Bankruptcy Court for the Southern District of New York.

2.3     "**Bankruptcy Schedules**" means the Debtor's schedules of assets and liabilities, lists and statements of financial affairs, together with any amendments thereto.

2.4     "**Claim**" means a right to payment as set forth in § 101(5) of the Code.

2.5     "**Claimant**" means the holder of a Claim.

2.6     "**Claims Bar Date**" means June 30, 2016, the date that has been established by the Bankruptcy Court by which all Creditors are required to have filed Proofs of Claim.

2.7     "**Class**" means a category of holders of Claims or Equity Interests as set forth in Article IV herein.

2.8     "**Collateral Documents**" means that certain note dated January 16, 2009 executed by Debtor in favor of Santander Bank in the original principal amount of $800,000, as secured by a Mortgage, Assignment of Leases and Rents, and Security Agreement of even date, as recorded on February 4, 2009 with the City Register of the City of New York as CRFN 2009000033160.

2.9     "**Confirmation**" means entry of the Confirmation Order.

2.10    "**Confirmation Date**" means the date of Confirmation.

2.11    "**Confirmation Hearing**" means the hearing at which time the Bankruptcy Court considers entry of the Confirmation Order.

2.12    "**Confirmation Order**" means the order of the Bankruptcy Court approving the Plan pursuant to section 1129 of the Bankruptcy Code.

2.13    "**Creditor**" means any entity that holds a claim against the Debtor.

2.14    "**Declaratory Judgment Action**" means that certain litigation pending in the Supreme Court of the State of New York, Bronx County entitled Marion Avenue Management LLC v. Public Service Mutual Insurance Company (Index number 251287/2013).

2.15    "**Disputed Claim**" means:

(a)     any Claim that is listed in the Debtor's Bankruptcy Schedules as being disputed, contingent or unliquidated with respect to which no proof of claim has been timely filed; and

(b) any Claim with respect to which an objection to the allowance thereof, in whole or in part, has been interposed within the applicable period fixed by the Bankruptcy Court.

2.16 "**Effective Date**" means the first business day after the Confirmation Order becomes final and non-appealable.

2.17 "**Equity Interests**" means the interests held by the Debtor's members.

2.18 "Property" means commercial real property with seven (7) commercial tenants located at 314 East 194th Street a/k/a 314-326 East 194th Street a/k/a 316/330 East 194th Street a/k/a 2613 Marion Avenue, Bronx, New York, Block 3287, Lot 12.

2.19 "**Personal Injury Action**" means that certain litigation pending in the Supreme Court of the State of New York, Bronx County entitled Franklin Morales v. Marion Avenue Management LLC (Index No. 303499/2011).

2.20 "**Petition Date**" means January 29, 2016, the date on which the Debtor filed its voluntary Chapter 11 petition.

2.21 "**Plan**" means this chapter 11 plan, including all modifications, supplements, appendices, and schedules hereto.

2.22 "**Priority Claim**" means all Claims that are entitled to priority pursuant to Bankruptcy Code § 507(a).

2.23 "**Transfer Taxes**" means all deed, stamp or transfer taxes imposed by the City of New York and State of New York relating to the refinancing or conveyance of the Property, including New York City RPT and New York State TP 584.

2.24    **"Unsecured General Claim"** means an allowed general claim that is not entitled to a priority in bankruptcy.

2.25    **"Unsecured Creditor"** means the holder of an Unsecured Claim.

2.26    **"U.S. Trustee Fees"** means fees payable pursuant to 28 U.S.C. § 1930 with interest as may be due.

## ARTICLE III

### TREATMENT OF UNCLASSIFIED CLAIMS

3.1    Administrative Expense Claims consist of the professional fees and expenses to be awarded to the Debtor's counsel.  The Debtor is otherwise current with all of its regular post-petition operating expenses to maintain the Property.  The Debtor will continue to pay all operating expenses in the ordinary course of business without formal treatment after the Effective Date under the Plan.

3.2    All professional fees and expenses of the Debtor's counsel remain subject to Bankruptcy Court approval after the filing of a written application and separate notice therefor.  The professional fees and expenses shall be paid by the Debtor on either the Effective Date of the Plan or the entry of an Order of the Bankruptcy Court awarding such fees and expenses.

3.3    **United States Trustee Fees**.  All accrued U.S. Trustee Fees shall continue to be paid by the Debtor until the bankruptcy case is closed.  Any U.S. Trustee Fees owed on or before the Effective Date of the Plan shall be paid on the Effective Date of the Plan.

# ARTICLE IV

# CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### A. Summary

4.1 The categories listed below classify Claims and Interests against the Debtor for all bankruptcy purposes, including voting, confirmation and distributions pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**Summary of Classification and Treatment of Claims and Equity Interests**

| Class | Designation | Impaired and Entitled to Vote |
|---|---|---|
| Class 1 | Secured Claim of Santander Bank | No |
| Class 2 | Priority Tax Claims of Governmental Units | No |
| Class 3 | Unsecured Claim | Yes |
| Class 4 | Tort Claim | Yes |
| Class 5 | Equity Interests | No |

### B. Classification, Treatment and Voting

4.2 **Class 1 —Secured Claim of Santander Bank**

Classification: Class 1 is comprised of the remaining balance owed on the allowed Secured Claim of Santander Bank, which holds a first mortgage lien on the Debtor's real property and lease pursuant to the Collateral Documents.

Treatment: Pursuant to the certain Stipulation and Order for Authorizing the Debtor's use of cash collateral entered on June 28, 2016 (ECF #24) (the "Stipulation"), the claim of Santander Bank was effectively ratified and reaffirmed. The Debtor remains current on its mortgage obligations to Santander Bank. Accordingly, the secured claim shall be carried forward, and deemed "reinstated" as of the Effective Date within the meaning of 11 U.S.C. §1124, without

being amended or modified by this Plan. Santander Bank shall retain its mortgage lien and assignment of leases following Confirmation in accordance with the Collateral Documents.

<u>Voting:</u> Because the Class 1 secured claim of Santander Bank is not in default and will continue to be paid in accordance with all existing terms of the Collateral Documents without modification, Santander Bank is unimpaired and deemed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code.

4.3     **Class 2 —Priority Tax Claims of Governmental Units**

<u>Classification:</u>   Class 2 is comprised of the allowed Priority Tax Claims of governmental units consisting of filed proof of a claim by the IRS in the amount of $500.00.

<u>Treatment:</u>   The Class 2 Claims of the IRS shall be paid in full on the Effective Date.

<u>Voting:</u> Class 2 is unimpaired and deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

4.4     **Class 3 – Unsecured General Claims**

<u>Classification:</u> Class 3 is comprised of the allowed Unsecured General Claims (excluding personal injury tort claim of Franklin Morales).

<u>Treatment:</u> Each holder of an Allowed Unsecured General Claim shall be paid in full in two payments of 50% each, one on the Effective Date of the Plan and one 3 months later. The second payment shall include post-petition interest at the federal judgment rate unless otherwise agreed by the respective Class 3 Claimants, in full settlement, satisfaction and release of such Claim.

<u>Voting:</u> Class 3 is impaired and has the right to vote on the Plan.

4.5     **Class 4 –Tort Claim of Franklin Morales**

<u>Treatment:</u>    Class 4 is comprised of the unliquidated personal injury tort claim filed by Franklin Morales. This claim is purely estimated and has not yet been liquidated. Following conclusion of the Declaratory Judgment Action, the final amount of the Class 4 claim shall be fixed in the state court in connection with the trial on damages in the Personal Injury Action. For purposes of the claims resolution process, confirmation of the Plan shall be deemed a continuing objection by the Debtor to the final allowance of the Class 4 claim until the damages are fixed in the state court by a final order or judgment (including exhaustion of all appeals).

<u>Payment:</u>    After a final determination of the Class 4 claim in the state court, Mr. Morales shall be paid first from available insurance proceeds, if any. If, at the conclusion of the Personal Injury Action, the amount of Mr. Morales Class 4 Claim is greater than the available insurance proceeds, the balance due shall be paid by the Debtor through a refinance of the Property pursuant to Section 5.1(a) below.

<u>Voting:</u> The Class 4 Claim of Morales is deemed impaired.

4.6     **Class 5 — Equity Interests**

<u>Classification:</u> Class 5 Equity interests consist of the Debtor's current members Sion Sohayegh (50%) and Ladan N. Sohayegh (50%).

<u>Treatment:</u>    The Class 5 equity holders shall continue to retain their respective membership interests in the Debtor and Reorganized Debtor (i.e., the Debtor following confirmation of the Plan) on the same terms and conditions. The Class 5 equity holders shall not receive any monetary distribution under the Plan.

<u>Voting:</u>  As insiders of the Debtor, equity holders are not eligible to vote on the Plan.

## ARTICLE V

## IMPLEMENTATION OF THE PLAN

5.1 **Implementation**.

(a) The payments of Administrative Expenses and Class 1, 2, and 3 Claims shall be made from operating income and other contributions of the equity holders.

(b) The Class 4 Claim of Mr. Morales shall be paid first from such insurance as may be available. In the event the final amount of the Class 4 Claim, as fixed in the state court, exceeds the amount of available insurance, the Debtor shall proceed to refinance the Property to satisfy the final allowed claim. There is equity in the Property, which is also income producing, so that the Debtor believes it is capable of obtaining any necessary refinancing.

5.2 **Recording Taxes.** Pursuant to section 1146(a) of the Bankruptcy Code, the making, delivery or recording of a mortgage or transfer document in connection with a refinance of the Property or otherwise, shall be done in furtherance of this Plan. Accordingly, any mortgage or transfer document shall not be subject to state or city recording taxes. Instead, the appropriate state or local government official or agent shall forego the collection of any such recording tax and accept for filing and recording all such documents, without the payment of any such recording taxes.

## ARTICLE VI

## PROVISIONS GOVERNING DISTRIBUTIONS

6.1 **Claim Objection Deadline**. The Debtor does not anticipate challenging any claim, with the exception of the Class 4 claim of Mr. Morales which is deemed subject to a continuing objection until damages are fixed by the state court in the Personal Injury Action. However, in the

event it elects to object to a claim, objections to Claims shall be served in accordance with the applicable provisions of the Bankruptcy Code and Rules prior to start of the Confirmation Hearing.

6.2     **No Distribution Pending Allowance**.  Notwithstanding any other provision of the Plan, no payment or distribution shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Disputed Claim are resolved by Stipulation or Order.

6.3     **Unclaimed Distributions**.  If a distribution to the holder of any allowed Claim is returned as undeliverable or unclaimed, no further distribution shall be made to such Claimant unless and until the Debtor is notified in writing of such Claimant's then-current address within ninety (90) days of the Effective Date.  Following expiration of the ninety day period, the distribution shall be forfeited and revert back to the Debtor.

## ARTICLE VII

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.1     All executory contracts and unexpired leases not rejected pursuant to Order of the Bankruptcy Court as of the Confirmation Hearing shall be deemed assumed without further order of the Bankruptcy Court, it being the Debtor's intent that all of leases of the Debtor's tenants shall pass through the Chapter 11 case without being effected thereby.

## ARTICLE VIII

## THE AUTOMATIC STAY AND THE PLAN INJUNCTION

8.1     The Personal Injury Action shall be stayed and enjoined pursuant to 11 U.S.C. §§362 and 1141 following the Effective Date and until such time as the Declaratory Judgment Action is concluded by the entry of a final, non-appealable Judgment or Order (the "Declaratory Judgment Conclusion Date").  The Confirmation Order shall provide that the stay and injunction shall terminate

on the first business day after the Declaratory Judgment Conclusion Date, following which the Personal Injury Action shall be restored to the trial calendar in the state court.

8.2     Except as otherwise provided in the Plan or the Confirmation Order, pursuant to 11 U.S.C. §1141, the entry of the Confirmation Order shall forever stay, restrain and permanently enjoin, on and after the Confirmation Date (1) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from the Debtor's Property, (2) the creation, perfection or enforcement of any lien or encumbrance against the Property or (3) any Claim or Interest discharged under the Confirmation Order, the Plan, or pursuant to section 1141(d)(1) of the Bankruptcy Code, as against the Debtor's Property.

8.3     Except as otherwise provided in the Plan or the Confirmation Order, pursuant to 11 U.S.C. §1141, the entry of the Confirmation Order shall constitute an injunction against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor's Property.

8.4     Nothing contained in this Article VIII of the Plan or the Confirmation Order shall enjoin, limit or restrict in any manner Santander Bank from administering, enforcing, collecting, foreclosing or taking any other action under the Collateral Documents after the confirmation and consummation of this Plan.

## ARTICLE IX

## RETENTION OF JURISDICTION

9.1     **Retention of Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction until the bankruptcy case is closed to hear the following matters:

(a) Ensure that the Plan is substantially consummated, and enter an Order closing the case;

(b) Resolve all matters relating to the Plan, including, without limitation, the enforcement, interpretation and any issues or dispute relating to the consummation of the Plan;

(c) Allow, disallow, determine, liquidate or classify, any secured or unsecured Claims, including, without limitation, (i) the resolution of any request for payment of professional fees or other Administrative Expenses; and (ii) the resolution of any objections to the allowance of Claims pending at the time of Confirmation, except as relates to the Class 4 Claim;

(d) Grant or deny applications for allowance of final compensation and reimbursement of expenses by the professionals retained during the bankruptcy case;

(e) Resolve any other motions or applications pending on the Effective Date; and

(f) Enter such Order(s) as may be necessary or appropriate to implement or consummate the Plan, including re-opening the Chapter 11 case as may be necessary to administer the case and oversee the refinancing of the Debtor's mortgage to pay the Class 4 Claim as finally allowed.

## **ARTICLE X**

## MISCELLANEOUS PROVISIONS

10.1	**Orders in Aid of Consummation**.  Pursuant to sections 105, 1141, 1142 and 1143 of the Bankruptcy Code, the Bankruptcy Court may enter such Order(s) in aid of implementation the Plan as may be necessary.

10.2	**Filing of Additional Documents**.  Except as otherwise provided in the Plan, the Debtor may file such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

10.3	**Post-Confirmation Management.**  Following the Effective Date, management of the Debtor and Reorganized Debtor shall continue under the current corporate structure.

10.4	**Section Headings**.  The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

10.5	**Computation of Time**.  In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

10.6	**Successors and Assigns**.  The rights, benefits and obligations of any creditor named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any successor or assigns of such entity.

10.7	**Notices**.  All notices and other communications to be given or made hereunder shall be in writing and shall be deemed to have been given or made when mailed or as otherwise set forth herein:

(a)	to the Debtor at: Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 21st Floor, New York, NY 10036, Attn: Kevin J. Nash, Esq. (knash@gwfglaw.com);

(b) if to any Creditor at (i) the addresses set forth on the respective proofs of claim filed by such holders; (ii) the addresses set forth in any written notices of address changes delivered to the Debtor after the Effective Date; or (iii) the address reflected in the Bankruptcy Schedules if no proof of claim is filed and the Debtor has not received a written notice of a change of address; and

(c) if to any entity that has filed a notice of appearance, at the addresses set forth on such notice of appearance.

10.8 **Governing Law**. The rights and obligations arising under the Plan shall be governed by, and in accordance with the Bankruptcy Code and Rules and the laws of the State of New York.

10.9 **Other Actions**. Nothing contained herein shall prevent the Disbursing Agent from taking such actions as may be reasonably necessary to implement the Plan, although such actions may not specifically be provided for within the Plan.

10.10 **Payment of Statutory Fees**. All U.S. Trustee fees payable pursuant to section 1930(a) of title 28 of the United States Code shall be paid on the Effective Date, or as soon thereafter as practicable. From and after the Effective Date, the Disbursing Agent shall pay the U.S. Trustee fees until entry of an order closing the Chapter 11 case. In addition, the Debtor shall file post-confirmation quarterly reports in conformity with U.S. Trustee guidelines, until entry of an order closing the Chapter 11 case.

10.11 **Modification of Plan.** The Plan may be amended or modified by the Debtor (a) before the Confirmation Date, to the extent permitted by section 1127 of the Bankruptcy Code; (b) after the Confirmation Date and prior to substantial consummation of the Plan, as defined in section 1101(2) of the Bankruptcy Code, to remedy any defect or omission or reconcile any inconsistencies in

the Plan or the Confirmation Order or to accomplish such matters as may be necessary or appropriate to carry out the purposes and effects of the Plan.

10.12 **Closing of the Chapter 11 Case.** Promptly upon substantial consummation of the Plan, the Debtor shall file with the Bankruptcy Court an application to close the Chapter 11 case.

Dated: New York, New York
November 22, 2016

| MARION AVENUE MANAGEMENT LLC | GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP |
| --- | --- |
| | Attorneys for the Debtor |
| | 1501 Broadway, 21st Floor |
| | New York, NY 10036 |
| By: /s/ Sion Sohayegh | By: /s/ J. Ted Donovan, Esq. |
| Sion Sohayegh | J. Ted Donovan, Esq. |
| Managing Member | |